IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| VINCENT E. TRIMBLE, #K-92214, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 14-cv-1164-SMY |
| | ) | |
| RANDY GROUNDS, DANA TYLKA, | ) | |
| DEE DEE BROOKHARDT, | ) | |
| SUSAN KERR, DR. WILLIAMS, and | ) | |
| DR. SHAH, | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is now before the Court for review of Plaintiff's amended complaint. (Doc. 5). In an Order (Doc. 8) dated December 1, 2014, the Court dismissed without prejudice Plaintiff's original complaint (Doc. 1) for failure to state a claim in compliance with Rule 8 of the Federal Rules of Civil Procedure. In that Order, the Court granted Plaintiff leave to file an amended complaint in compliance with Rule 8. The Court advised Plaintiff that the complaint must clearly identify which claim(s) he is bringing against which Defendant(s) and that the allegations should demonstrate which Defendant(s) are *personally responsible* for any claimed violation of his constitutional rights.

Plaintiff filed an amended complaint (Doc. 10) within the allotted time frame. However, in substance, the amended complaint fails to comply with the rest of the Court's Order (Doc. 8) and the Federal Rules of Civil Procedure for the following reason.

Although Plaintiff names Defendants Grounds, Tylka, Brookhart, Kerr, Williams, and Shah on the complaint form, he makes no specific mention of any of these individuals in the

statement of the claim, so the Court is unable to ascertain what claims, if any, Plaintiff has against these Defendants. Instead, the complaint makes two general assertions: 1) that "Defendants" violated his Eighth Amendment rights by denying him medication and physical therapy to treat his herniated disc and spinal stenosis; and 2) that "Defendants" violated his First, Eighth, and Fourteenth Amendment rights by interfering with legal mail from his attorney and denying him visits with his attorney. (Doc. 10, p. 7). The statement of the claim provides no further details regarding how each Defendant was involved. *Id*.

The reason that plaintiffs, even those proceeding *pro se*, for whom the Court is required to liberally construe complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims is to ensure that defendants are put on notice of the claims brought against them so that they can properly answer the complaint. "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Thus, where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption."). Based on the information in the complaint, the Court cannot determine how each individual Defendant was personally involved in the alleged constitutional violations. For this reasons, the Court finds that

the amended complaint once again fails to state a claim in compliance with Rule 8 of the Federal Rules of Civil Procedure and should be dismissed without prejudice.

It has come to the Court's attention, however, that Plaintiff attached copies of all of the supporting documentation related to his claims to the original complaint and did not retain copies for his own records. (*See* Doc. 10, p. 6).  Plaintiff need not attach exhibits to a complaint to satisfy the notice pleading requirement under Rule 8 of the Federal Rules of Civil Procedure; however, the Court can imagine that access to these documents might have been helpful to Plaintiff as he was drafting the amended complaint.  Therefore, out of an abundance of caution, the Court will grant Plaintiff leave to file a second amended complaint that cures the defects noted in this Order, according to the instructions set forth in the disposition below.  In addition, the Court will instruct the Clerk of Court to send copies of the exhibits attached to Plaintiff's original complaint to assist him, if he chooses to exercise this option.

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff's first amended complaint (Doc. 10) is **DISMISSED without prejudice** for failure to state a claim upon which relief can be granted. Plaintiff is **GRANTED** leave to file a second amended complaint in compliance with this Memorandum and Order within **THIRTY-FIVE (35) DAYS** of entry of this Memorandum and Order (on or before April 20, 2015).

Plaintiff is **STRONGLY ADVISED** that any new complaint shall present each claim in a separate count, and each count shall specify, *by name*, each defendant alleged to be liable under the count, and the actions alleged to have been taken by that **specific defendant**.  The complaint must present all claims against all defendants in one single document, which must stand on its own, without reference to any other pleading.  **Plaintiff must also re-file any exhibits he wishes**

**the Court to consider along with the second amended complaint.** An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint.

Plaintiff is **FURTHER ADVISED** that he should *include only related claims* in his new complaint. *See George v. Smith*, 507 F.3d 605 (7th Cir. 2007) (unrelated claims against different defendants belong in separate lawsuits). If Plaintiff wishes to avoid severance, and the filing fees which shall attach, he should limit his second amended complaint to claims that are factually and legally related.

To assist Plaintiff, the Clerk is **DIRECTED** to mail to Plaintiff a Civil Rights Complaint form and instructions for a person in custody. The Clerk is **FURTHER DIRECTED** to send Plaintiff a copy of his original complaint (Doc. 1) and all of the attached exhibits.

**IT IS FURTHER ORDERED** that upon conclusion of the thirty-five-day period, should Plaintiff fail to file a second amended complaint in strict compliance with this Memorandum and Order or if the second amended complaint fails to state a claim upon which relief may be granted, this case will be dismissed with prejudice for failure to comply with an order of this Court and the dismissal shall count as a strike under 28 U.S.C. § 1915(g). FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997)*; Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994).

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable, regardless of whether Plaintiff elects to file an amended complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **seven (7) days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: March 16, 2015**

s/ STACI M. YANDLE
United States District Judge
