IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| VINCENT TRIMBLE, K92214, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.  3:14-cv-01164-SMY-RJD |
| | ) |
| RANDY GROUNDS, DANA TYLKA, | ) |
| DEE DEE BROOKHART, SUSAN | ) |
| KERR, DR. JANSSEN WILLIAMS | ) |
| and DR. VIPIN SHAH, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This is a prisoner civil rights lawsuit filed by Vincent Trimble, an inmate with the Illinois Department of Corrections ("IDOC"). Trimble asserts in his Complaint that the defendants have been deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. Trimble initially filed suit on October 27, 2014 (Doc. 1).  He has since been assigned recruited counsel and now proceeds on his Third Amended Complaint (Doc. 26).

Trimble's Third Amended Complaint alleges that in July 2010, he injured his back while at Taylorville Correctional Center. He was then transferred to Robinson Correctional Center ("Robinson") in August 2012.  Due to his back injury, on November 21, 2013, Trimble received a prescription to use the facility's medical gym. He later underwent a spinal laminectomy on January 17, 2014. The gravamen of Trimble's lawsuit is that he was denied adequate medical treatment (use of the medical gym, specifically) following the back surgery. Trimble states that the following Defendants were deliberately indifferent to his medical needs: Randy Grounds (Warden of Robinson); Dana Tylka (Assistant Warden at Robinson); Dee Dee Brookhart

1

(Assistant Warden at Robinson); Susan Kerr (Robinson Health Care Unit Administrator); Dr. Janssen Williams (prison physician); and Dr. Vipin Shah (prison physician). Defendants Tylka, Brookhart and Shah have now filed motions for summary judgment arguing that Trimble did not properly exhaust administrative remedies before filing suit (Docs. 62 and 68).

The Prison Litigation Reform Act requires prisoners to exhaust available administrative remedies before filing conditions of confinement lawsuits in federal court. 42 U.S.C. § 1997e *et seq*. Moreover, "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). Here, the defendants do not dispute that Trimble completed the IDOC grievance process, but they argue that Trimble's grievance lacks the requisite specificity.

IDOC regulations require inmate grievances to "contain factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the complaint." Ill. Admin. Code tit. 20, § 504.810. This requirement is mentioned on the grievance form used by Trimble, which directs the grievant to "Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved" (Doc. 74-1, p. 1).

Trimble's grievance was submitted on May 1, 2014 (Doc. 74-1, p. 1). The grievance states that the Robinson prison administration has been deliberately indifferent to his medical needs and that he would like access to the medical gym. *Id*. Trimble states that "[t]his grievance is being filed against Warden Grounds[,] H.C.A. Susan Kerr, [and] Dr. Williams[,] et al.." Defendants Tylka, Brookhart and Dr. Shah are not specifically mentioned. Trimble's counselor responded to the grievance on May 8, 2014 and stated "Per S Kerr HCUA, Offender is on the

medical gym list." *Id*. Trimble then submitted the grievance to the prison grievance office on May 14, 2014 (Doc. 74-2, p. 1). The prison grievance office responded on May 22, 2014, stating that Assistant Warden Brookhart was interviewed and that "corrective action has been taken." *Id*. Trimble then submitted the grievance to the IDOC Administrative Review Board ("ARB") on June 6, 2014 (Doc. 74-3, p. 1). The ARB denied the grievance on November 25, 2014, thereby completing the IDOC grievance process. *Id*.

Although Trimble's grievance could have been more specific, the Court finds that he adequately completed the grievance process against the Defendants. The grievance states in general terms that he is not receiving proper medical treatment because he cannot access the medical gym. He specifically mentions Warden Grounds, Susan Kerr and Dr. Williams. Defendants Dana Tylka, Dee Dee Brookhart and Dr. Shah are not specifically mentioned. However, Trimble does assert in his grievance that the "prison doctors, staff and or administration" have been deliberately indifferent to his medical needs. While such vague, catchall terms are generally insufficient to exhaust administrative remedies, Prisoners cannot be expected to identify what they do not know. Here, Trimble's grievance adequately put the prison administration on notice of his concerns and it was addressed on the merits.

Moreover, the cases cited by Dr. Shah on the grievance specificity issue, *Ambrose v. Godinez*, 510 F. App'x 470 (7th Cir. 2013) and *Flemming v. Shah*, 2013 WL 3033102 (S.D. Ill. June 17, 2013) can be distinguished from Trimble's suit. In *Ambrose*, the Seventh Circuit affirmed the dismissal of three of the IDOC defendants in the case due to the plaintiff's failure to exhaust administrative remedies. *Ambrose*, 510 F. App'x at 472. The Court noted that there was insufficient information to identify the defendants "by name or inference." *Id*.  Here, the identities of Tylka (assistant warden), Brookhart (also an assistant warden) and Dr. Shah can be

3

inferred from Trimble's reference to the "administration" or prison "doctors." In *Flemming* the plaintiff filed suit against the prison physician and the prison health care unit administrator ("HCUA"). *Flemming,* 2013 WL 3033102 at *2. The prison HCUA was later dismissed for lack of exhaustion. *Id*. The District Court noted that the grievance was specifically directed towards the prison physician and the HCUA was never mentioned in the plaintiff's grievance. *Id*. at 3. Here, Trimble's grievance portrays a broader picture of liability that mentions the prison administration and "doctors."

Trimble's grievance is hardly a model of clarity and specifity, but as the Supreme Court noted in *Jones v. Bock*, "the [prison] grievance is not a summons and complaint that initiates adversarial litigation." 549 U.S. 199, 219, 127 S. Ct. 910, 923, 166 L. Ed. 2d 798 (2007) (quoting *Johnson v. Johnson*, 385 F.3d 503, 522 (5th Cir. 2004)). Accordingly, the defendants' motions for summary judgment are **DENIED**. Defendant's motion for an extension of time to file a reply (Doc. 76) is **DENIED as MOOT**.

    **IT IS SO ORDERED.**

    **DATED: December 19, 2016**

                                          **s/ Staci M. Yandle**
                                          **STACI M. YANDLE**
                                          **United States District Judge**